NORIEGA & ALVAREZ, DEMANDANTE Y APELANTE, v. CRUZ & CO.,
S. EN C., DEMANDADA Y APELADA.

No. 2901.—*Visto:* Mayo 31, 1923. *Resuelto:* Julio 14, 1924.

LETRA DE CAMBIO ENDOSADA SIN FECHA—ENDOSO SIN FECHA EN LETRAS DE CAM-
BIO—INTERPRETACIÓN DEL ARTÍCULO 463 DEL CÓDIGO DE COMERCIO—PRESUN-
CIÓN DISPUTABLE.—Según expresa el artículo 463 del Código de Comercio, la
omisión de la expresión de la fecha en el endoso de una letra de cambio,
esté por otra parte firmado o no en blanco, produce un doble efecto. Deja
la propiedad de la letra en el endosante y crea una "simple comisión de
cobranza" Estas dos consecuencias van unidas inseparablemente y deben
subsistir o desaparecer conjuntamente. Una no es más absoluta e inevitable
que la otra. Interpretada una con la otra y ambas a la luz del contexto,
el precepto de que "la propiedad de la letra no se transferirá," así como
la declaración de que el endoso "se entenderá como una simple comisión
de cobranza," establece una condición legal *prima facie.* En uno u otro caso
la presunción debe ceder a la prueba clara y convincente de la fecha real
del endoso y de la existencia de una buena y suficiente consideración.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), en una acción en cobro de
dinero, desestimando la demanda con las costas, excluyendo los
honorarios de abogado. *Revocada.*

*J. Tous Soto,* abogado de la apelante;
*C. Brunet,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

Noriega & Alvarez establecieron demanda basada en un
giro protestado que literalmente es como sigue:

"Antonio Mayoral.—No. 3463.—Al 30 de septiembre 1921.—
Ponce, P. R., 30 de agosto 1921—Páguese a la orden de Antonio Ma-
yoral $547.50.—Quinientos cuarentisiete 50/00 dollars. Sres. Cruz
& Cía. Ponce.—(f) A. Mayoral.—Conforme al 30 septiembre 1921.—
Cruz & Co.

Al reverso dice:

"(f) A. Mayoral.—(f) Angel M. Mayoral.—Pay to the order of
any Bank, Banker or Trust Company for deposit to the credit of
Noriega & Alvarez, Sucs.—Ponce, Porto Rico."

El pago de este giro en la fecha de su vencimiento fué ne-
gado por las razones aducidas por el socio gestor de la

compañía demandada y que han sido expresadas en el documento de protesto, a saber:

"Primero: Porque la mercancía que le fué vendida y que dió origen a que se expidiera el giro que ahora se cobra, no fué entregada por el señor Mayoral y que dicho giro fué anulado por el vendedor señor Mayoral en un documento que me exhibe el señor de la Cruz y que copiado literalmente lee así: 'Si esta mercancía no fuere entregada seguido, será nulo un giro aceptado por los mismos que vence el 30 de septiembre por $547.50 a cuenta de esta factura. A. Mayoral.' La factura en cuyo dorso está escrito lo anteriormente transcrito lee como sigue: 'Sres. Cruz & Co., Ponce, a Antonio Mayoral, Playa Ponce.—100 S arroz a $4.25, $425.00; 50 harina de trigo a $8.00 $400.00, $825.00.—Playa Ponce, 30 agosto 1921.'

"Segundo: porque en virtud de haber sido anulado el giro protestado según se explica en el párrafo anterior, dicho giro le fué devuelto a los señores Cruz y Compañía por el señor Mayoral y teniéndolo sobre su escritorio el referido giro los señores Cruz y Compañía se les desapareció del sitio indicado."

La consideración para el traspaso de este documento por el librador al hermano y por éste a los demandantes, está demostrada no sólo por la prueba testifical sino también por un cheque que dice así:

"Ponce, P. R. agosto 31 de 1921.—No. 7521.—Banco de Ponce.— Páguese a la orden de Angel M. Mayoral, $517.50 Cy.   Quinientos diez y siete 50/100.—Noriega Alvarez, Sucers.—Al dorso (Angel M. Mayoral.—A. Mayoral.—Cleared.—Paying teller.—Sept. 1, 1921.— The Royal Bank of Canada.—Ponce, P. R."

Hubo además prueba testifical para acreditar la negociación del giro, abono a cuenta y subsiguiente reembolso del banco que protestó el documento. La oferta para presentar prueba documental en este sentido fué desestimada por la corte inferior a iniciativa propia basada en que ya la cuestión había sido suficientemente considerada por la prueba testifical a que acabamos de hacer referencia.

El socio gestor de la demandante manifestó que antes de descontar el giro él llamó al gestor de la compañía demandada al teléfono y ratificó la aceptación de dicho giro por los

demandados. El socio gestor de los demandados mientras declaraba como testigo no contradijo o negó directamente esta manifestación.

La corte inferior fundó su sentencia a favor de los demandados en las siguientes conclusiones:

"1. Que la acción establecida se rige por el Código de Comercio de P. R.—2. Que Antonio Mayoral fué el librador de la letra de cambio en contra de Cruz & Ca. S. en C.,—y aceptada por ésta a vencer el 30 de Septiembre de 1921.—Dicha letra fué endosada por Antonio Mayoral a Angel Mayoral y Angel Mayoral a Noriega y Alvarez; todos esos endosos contienen solamente la firma de los endosantes, sin la fecha de los mismos.—3. El artículo 473 del Código de Comercio dice: 'Si se omitiere la expresión de la fecha en el endoso, no se transferirá la propiedad de la letra y se entenderá como una simple comisión de cobranza.' Visto este artículo, la corte resuelve que la demandante Noriega & Alvarez no es dueña por consideración alguna de dicho documento, y sí solamente un agente para su cobro, no siendo parte interesada en el resultado de este caso.—Jurisprudencia. Tomo 83, Sentencia No. 57 del Tribunal Supremo de España, página 266 y siguiente.—Por lo que la corte, llega a la conclusión de que la demanda debe ser desestimada, con costas a cargo de la demandante, pero sin honorarios de abogado."

Una breve reseña de los anteriores hechos en el alegato de los apelantes hubiera facilitado el despacho de este caso. El alegato contiene, sin embargo, el debido señalamiento de error en el cual el abogado insiste en que:

"1. La corte erró al estimar que el endoso suscrito en blanco en este caso por Antonio Mayoral no trasmitió la propiedad de la letra de cambio de que se trata a favor de Angel Mayoral y que el endoso también suscrito en blanco por éste no trasmitió dicha propiedad a la demandante Noriega & Alvarez.

"2. La corte erró al no estimar que se probó la trasmisión de la letra por Antonio Mayoral a Angel Mayoral y por éste a Noriega & Alvarez por suficiente consideración, teniendo por tanto dicha mercantil acción contra el aceptante de dicha letra independientemente de la forma del endoso.

"3. La corte erró al estimar que un endosatario, aun en el caso de que el endoso deba estimarse como una simple comisión de cobranza, no tiene acción contra dicho aceptante."

Los artículos 461, el párrafo 4º del 462, 463 al 467 inclusive del Código de Comercio, prescriben lo siguiente:

"Art. 461.—La propiedad de las letras de cambio se transferirá por endoso.

"Art. 462.—* * *.

"4. La fecha en que se hace.

"Art. 463.—Si se omitiera la expresión de la fecha en el endoso, no se transferirá la propiedad de la letra, y se entenderá como una simple comisión de cobranza.

"Art. 464.—Si se pusiere en el endoso una fecha anterior al día en que realmente se hubiere hecho, el endosante será responsable de los daños que por ello se sigan a un tercero, sin perjuicio de la pena en que incurra por el delito de falsedad si se hubiere obrado maliciosamente.

"Art. 465.—Los endosos firmados en blanco, y aquellos en que no se exprese el valor, transferirán la propiedad de la letra y producirán el mismo efecto que si en ellos se hubiere escrito 'valor recibido.'

"Art. 466.—No podrán endosarse las letras no expedidas a la orden, ni las vencidas y perjudicadas.

"Será lícita la transmisión de su propiedad por los medios reconocidos en el derecho común; y si, no obstante, se hiciere el endoso, no tendrá éste otra fuerza que la de una simple cesión.

"Art. 467.—El endoso producirá en todos y en cada uno de los endosantes la responsabilidad al afianzamiento del valor de la letra, en defecto de ser aceptada, y a su reembolso, con los gastos de protesto y recambio, si no fuere pagada a su vencimiento, con tal que las diligencias de presentación y protesto se hayan practicado en el tiempo y forma prescriptos en este Código.

"Esta responsabilidad cesará por parte del endosante que, al tiempo de transmitir la letra, haya puesto la cláusula de 'sin mi responsabilidad.'

"En este caso, el endosante sólo responderá de la identidad de la persona cedente o del derecho con que hace la cesión o endoso."

Las sentencias de la Corte Suprema de España citadas por el juez sentenciador dejan mucho que desear como declaración definitiva y terminante de la conclusión a que dicho tribunal llegó con respecto al significado del precepto legal que en ella se interpreta; pero la teoría de la corte

inferior parece encontrar decidido apoyo en las Islas Filipinas, donde la cuestión levantada bajo el primer señalamiento de error que aquí se alega, ha merecido detenida consideración.   Véanse los siguientes casos: *The International Banking Corporation v. A. A. Montagne,* tomo VI, Philippine Reports, 667; *Warner, Barnes & Co. v. E. Díaz & Co.,* X, Philippine Reports, 418; *Chioco v. Inchausti & Co.,* X, Philippine Reports, 495; *The Honkong & Shanghai Banking Corporation v. F. C. Peters* y *E. J. Hawkes,* 16 Philippine Reports, 284; *N. T. Hashim & Co. v. The Estate of John Kernan,* XI, Philippine Reports, 435.

Sin embargo, según el criterio que sostenemos en este caso, la resolución final de la cuestión en esta jurisdicción puede aplazarse hasta que un caso de más importancia incite el interés de los abogados a hacer una investigación más acabada de la cuestión que se discute.

Según expresa el artículo 463 supra, la omisión de la expresión de la fecha en un endoso, esté por otra parte firmado o nó en blanco, produce un doble efecto.   Deja la propiedad de la letra en el endosante y crea una "simple comisión de cobranza."   Estas dos consecuencias van unidas inseparablemente y deben subsistir o desaparecer conjuntamente.   Una no es más absoluta e inevitable que la otra. Interpretada una con la otra y ambas a la luz del contexto, el precepto de que "la propiedad de la letra no se transferirá," así como la declaración de que el endoso "se entenderá como una simple comisión de cobranza," establece una condición legal *prima facie*.   En uno u otro caso la presunción debe ceder a la prueba clara y convincente de la fecha real del endoso y de la existencia de una buena y suficiente consideración.

En el presente caso la prueba en conjunto no da lugar a ninguna duda razonable acerca de una u otra de estas cuestiones.   Puede ser y al parecer es cierto que Antonio Mayoral perpetrara un enorme fraude contra la demandada en este caso.   Pero no existe nada que demuestre que los de-

mandantes fueran partes en el mismo o en alguna conspiración relacionada con él. En cuanto a ellos y los demandados, el resolver que los demandantes deben sufrir la pérdida debido a un mero tecnicismo y a pesar de los hechos indiscutibles del caso, equivaldría a una burla de la justicia.

En vista de las circunstancias no es necesario que consideremos los méritos del tercer señalamiento.

*Debe revocarse la sentencia apelada.*