## AMERICAN COLONIAL BANK OF PORTO RICO, demandante y apelado, *v.* MARIO CAMACHO, demandado y apelante.

No. 3715.—*Visto*: Diciembre 11, 1925. *Resuelto*: Julio 29, 1926

1. ALEGACIONES—DEFECTOS Y OBJECIONES, RENUNCIA (WAIVER) Y SUBSANACIÓN POR VEREDICTO O SENTENCIA—DEFECTOS U OMISIONES CURADAS POR LA CONTESTACIÓN O LAS PRUEBAS—INSUFICIENCIA DE LA DEMANDA—EN GENERAL.— La demanda en este caso—en cobro de un pagaré—se excepciona bajo la teoría, en apelación, de que no alegaba la entrega. La demanda alega la expedición a la orden de un tercero y el endoso por éste al demandante. *Se resolvió:* que si el endoso no era suficiente para incluir la idea de entrega, la omisión levantada quedó subsanada por la alegación afirmativa del demandado así como por la prueba.

2. LETRAS Y PAGARÉS—ACCIONES—DE LAS PARTES—PERSONA A CUYO FAVOR SE EXPIDIÓ COMO PARTE—ENDOSADO EL PAGARÉ POR ÉSTA AL DEMANDANTE.— En esta acción, para recobrar el importe de un pagaré expedido a favor de una persona y endosado por ésta a un tercero—el demandante—, se denegó moción solicitando se incluyera como nueva parte y como contrademandado a la persona a cuyo favor aquél se expidió (*payee*). Por mayoría se *resolvió:* que dicha persona no era una parte necesaria en la acción y el haber rehusado permitir que se incluyera como contrademandado no era un error por el cual se debía revocar la sentencia.

3. EVIDENCIA—PRUEBA DOCUMENTAL—PRESENTACIÓN (PRODUCTION), AUTENTICACIÓN Y EFECTO—LIBROS DE CUENTAS—OBJECIONES A SU PRESENTACIÓN— OBJECIONES QUE VAN AL PESO PROBATORIO Y NO A SU PERTINENCIA.—La objeción hecha a la presentación de un libro de contabilidad llevado por un banco, de no estar autenticado por el juez municipal se refiere más bien al peso—alcance de su fuerza probatoria—que a su admisión (*competency*).

SENTENCIA de *R. Díaz Cintrón, J.* (Ponce), declarando con lugar la demanda y sin lugar la contrademanda, con costas. *Confirmada.*

*C. del Toro Fernández,* abogado del apelante; *Tomás Paz, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandado apela de una sentencia por la cantidad adeudada de un pagaré y dice:

"1.—Erró la Corte de Distrito pasando por sobre nuestra excepción previa de falta de causa de acción, atribuída a la demanda.

"2.—Erró la Corte de Distrito denegando nuestra moción para que se incluyera al Crédito y Ahorro Popular de Yauco como una parte indispensable en este pleito, a los fines de su completa resolución.

"3.—Erró la Corte de Distrito en la apreciación de las pruebas, de la ley y de la doctrina aplicables al caso.

"4.—Erró la Corte de Distrito dictando una sentencia final, que no está sostenida por la evidencia ofrecida y practicada en el juicio de esta causa."

[1] La excepción previa fué presentada el 6 de octubre de 1923. La moción para que se incluyera al Banco de Yauco como una nueva parte y como contrademandado, fué radicada el 26 de octubre de 1923. Una contestación enmendada y contrademanda fechada noviembre 12, 1923, fueron presentadas en o antes de noviembre 16, cuando fué denegada la moción para que se incluyera al Banco de Yauco.

De la resolución últimamente mencionada aparece que una excepción previa a la contestación y contrademanda original y una moción del demandante solicitando se dictara sentencia sobre las alegaciones, fueron sometidas conjuntamente con la moción del demandado. La corte explica que no era necesario resolver la excepción previa y la moción de sentencia del demandante por la razón de que se había presentado una contestación enmendada y una contrademanda. Aquí parece que el demandado dejó de aprovecharse de una excelente oportunidad para someter su excepción previa a la demanda junto con su moción y de pedir que la excepción previa se resolviera primero o por lo menos simultáneamente.

El caso fué llamado para juicio el 20 de enero de 1925. Aunque para esta época ya habían transcurrido más de quince meses desde que se presentó la excepción previa a la demanda, no se le ocurrió al demandado llamar la atención de la corte al asunto o de solicitar una resolución sobre la cuestión así levantada.

La teoría de la excepción, levantada por primera vez en el alegato del apelante, es que la demanda no alegaba entrega del pagaré al demandante.

En la demanda se alegaba la expedición del pagaré por el demandado a la orden del Banco de Yauco y el endoso al

demandante por la persona a cuyo favor se expidió (*payee*).
Si la contención del endoso "al" demandante no es sufi-
ciente para incluir la idea de entrega, entonces la omisión
levantada en el alegato fué subsanada tanto por la alegación
afirmativa del demandado como por la evidencia aducida
durante el juicio.

Difícilmente podía esperarse que la corte inferior to-
mara más interés en dar una resolución oportuna a la cues-
tión que el demandado trataba de levantar, que el interés
que el demandado mismo se tomó en el asunto.

[2] Otros hechos necesarios para indicar los fundamen-
tos del segundo, tercero y cuarto señalamiento de error apa-
recen suficientemente de la relación del caso y opinión dic-
tada por la corte inferior, de la cual hacemos el siguiente
extracto:

"Se alega que en el otorgamiento de dicho pagaré existió la de-
bida causa y consideración, y que el demandado Mario Camacho ha
sido requerido varias veces para satisfacer el mencionado pagaré,
no habiéndolo hecho ni en todo ni en parte, siendo el importe del
mismo líquido o exigible.

"El demandado contestó la demanda alegando en oposición a
la misma como sigue: Que el Sr. Francisco Galarza adeudaba al
demandado en Mayo 20 de 1922 la suma de dos mil quinientos se-
tenta y dos dollars cincuenta centavos proviniente de un préstamo
de dinero efectivo y sus intereses al uno por ciento mensual; que
para el pago de esa obligación, el Sr. Galarza solicitó, y obtuvo del
Crédito y Ahorro Popular de Yauco, un préstamo por igual suma,
mediante el Tesorero-Gerente don Antonio Molini Ruiz, otorgando
en su consecuencia en la expresada fecha una obligación a favor de
dicha institución bancaria; que tal obligación fué entregada inme-
diatamente al Sr. Antonio Molini Ruiz, en su carácter de Tesorero-
Gerente del Banco Popular de Yauco, ordenándole el prestatario
que retuviese el importe total del préstamo para satisfacerlo a don
Mario Camacho para satisfacer y recoger el pagaré que don Fran-
cisco Galarza y su esposa habían suscrito a favor del demandado;
que el demandado fué requerido por el Tesorero-Gerente del Cré-
dito y Ahorro Popular de Yauco, don Antonio Molini Ruiz, para
que percibiese los $2,572.50 que tenía allí a su disposición por or-
den de don Francisco Galarza, previa entrega del pagaré suscrito

por este señor y su esposa; que al efecto el' demandado se consti-
tuyó en el Crédito y Ahorro Popular de Yauco, puso en manos del
señor Antonio Molini el citado pagaré de que era dueño y tenedor,
después de cancelarlo totalmente, y convino con el referido Tesorero-
Gerente del Crédito y Ahorro Popular de Yauco, Sr. Antonio Mo-
lini Ruiz, en dejar como dejó en dicha institución bancaria los
$2,572.50, para disponer de ellos cuando lo tuviere a bien, total o
parcialmente; que el demandado tomó a cuenta de dicho depósito
diversas partidas, y cada vez que tomaba una suscribía a requeri-
miento del Tesorero-Gerente, el citado Sr. Molini Ruiz, un docu-
mento que éste le decía era un recibo o constancia de la suma ex-
traída, el cual documento, al tomarse otra nueva cantidad, era des-
truído para ser sustituído por otro nuevo; que el día 16 de junio
de 1922, el demandado tomó en el Crédito y Ahorro Popular de
Yauco una suma de dinero que no recuerda, pero que con lo que
venía arrastrándose ascendió a la suma de $1,654.85, y como de
costumbre, el Tesorero-Gerente don Antonio Molini Ruiz recogió la
constancia o recibo hasta esa fecha existente y requirió al demand-
dado para que suscribiese otra constancia o recibo por el mencionado
importe de $1,654.85, que había preparado el Sr. Molini en sus fun-
ciones de Tesorero-Gerente, la cual constancia o recibo firmó el de-
mandado sin haberle dado lectura por no saberlo hacer correcta-
mente y de absoluta buena fe, confiado en el buen concepto moral
que le ha merecido el Sr. Molini y en honorabilidad que siempre
se supone en una persona seleccionada para un cargo delicado y de
responsabilidad; que el demandado vió posteriormente el docu-
mento que firmó el día 16 de junio de 1922 a favor del Crédito y
Ahorro Popular de Yauco, en poder del Sr. Emilio Totti Ruelle,
agente de The American Colonial Bank of Porto Rico, y ha cons-
tatado con verdadera sorpresa que suscribió en aquel entonces una
cosa ajena a su propósito, a su voluntad y los hechos, convirtién-
dose de acreedor que es del Crédito y Ahorro Popular de Yauco
por los $917.65 restantes de su depósito de $2,572.50, en deudor
por $1,654.85; que el demandado en junio 16 de 1922, ni en nin-
guna otra fecha hizo operaciones por esa suma de $1,654.85 con el
Crédito y Ahorro Popular de Yauco, ni en esa fecha ni en otra al-
guna le ha debido ni le debe esa cantidad ni parte de ella por nin-
gún concepto; que el American Colonial Bank de Puerto Rico ha-
cia fines de 1922 facilitó $7,500.00 al Crédito y Ahorro Popular de
Yauco como préstamo exigiéndole el dos por uno de garantía en
colaterales, y también como garantía la firma de los directores de
la prestataria; que al efecto el Crédito y Ahorro Popular de Yauco

entregó a The American Colonial Bank of Porto Rico, en obligaciones, la suma de. $15,000.00 y además las firmas de sus dichos directores; que el demandante no ha hecho, antes de establecer esta demanda, excusión de los bienes y valores que tienen actualmente el Crédito y Ahorro Popular de Yauco por suma superior a los quince mil dollars que le adeuda, y que el demandado tiene comunicación escrita, auténtica, de la demandante, en la que ésta voluntariamente reconoce que el documento suscrito por el demandado se le entregó como garantía colateral y no como cesión directa y absoluta de su propiedad; que siempre expuso estas razones al ser requerido del pago de dicho documento.

"El demandado además ha establecido una contrademanda solicitando que se declare sin lugar la demanda inicial, que se declare inexistente y sin valor ni efecto alguno la obligación que en junio 16 de 1922 suscribió el demandado a favor del Crédito y Ahorro Popular de Yauco por la suma de $1,654.85 para noviembre 16 de 1922 transferida posteriormente a The American Colonial Bank of Porto Rico como garantía colateral; y que se declare que el demandado contrademandante debe recobrar y recobra del Crédito y Ahorro Popular de Yauco la suma de $917.65 con intereses legales que que proceden y las costas.

"La vista de este caso se celebró ante esta Corte de Distrito, previo señalamiento en el calendario civil, el día 20 de enero de 1925, habiendo comparecido la demandante representada por su abogado Sr. Tomás Paz y el demandado asistido de su abogado Sr. Carlos del Toro Fernández.

"En la vista del caso ambas partes practicaron evidencia testifical y documental que fué admitida, sometiéndose el mismo para resolución por medio de alegatos escritos, los que fueron oportunamente radicados.

"La Corte, estudiada toda la evidencia practicada por ambas partes, apreciada en conjunto, y estudiados los alegatos escritos de ambas partes, llega a la conclusión de que el referido pagaré que se transcribe fué suscrito por el demandado a favor del Crédito y Ahorro Popular de Yauco, previo el debido consentimiento, objeto y causa, y que este documento fué endosado a favor del demandante.

"Habiendo la Corte eliminado las alegaciones de la contrademanda respecto al Crédito y Ahorro Popular de Yauco, por resolución de 26 de enero de 1924, no procede considerar dicha contrademanda en tal sentido."

La segunda proposición en que descansa el apelante asume, sin tratar de demostrarlo, que el tenedor de un documento mercantil dado por la persona a cuyo favor se expide (*payee*) como garantía colateral de un préstamo contraído en la fecha del endoso y entrega, tiene los mismos derechos que la persona a cuyo favor se expidió (*payee*). En ausencia de una cita de autoridad por el apelante, no nos es posible estar de acuerdo con este punto de vista. El demandante como un tenedor inocente por valor no tenía interés alguno en las transacciones del demandado, o relaciones comerciales con la persona a cuyo favor se expidió el documento (*payee*). Ni estaba el derecho del demandante a recobrar sujeto a ninguna defensa especial, reconvención o contrademanda que pudiera tener el demandado contra la persona a cuyo favor se expidió el documento en una acción presentada por ésta. 21 R.C.L. 670, párrafo 32; 8 C. J. 846, párrafo 1107.

El artículo 67 de nuestro Código de Enjuiciamiento Civil dispone que:

"Las diferentes personas responsables en una misma obligación o documento, incluso las que hayan suscrito letras de cambio y pagarés, y los fiadores en uno o varios documentos, podrán todas o cualesquiera de ellas incluirse en la misma demanda, a elección del demandante."

Una disposición similar fué interpretada en el caso de *Johnson* v. *Cullman*, 221 Pac. Rep. 732.

La contrademanda adopta por referencia la materia afirmativa contenida en la contestación, según fué bosquejada por el juez sentenciador, *supra,* y además alega que el Banco de Yauco al día siguiente del requerimiento hecho por el contrademandado del pago de la reclamación que él alegaba cerró sus puertas por algún tiempo y al abrir de nuevo su establecimiento bajo una nueva dirección, rehusó pagar la cantidad así reclamada.

Ni en la contestación ni en la contrademanda se encuentra ningún indicio de que el pagaré de Camacho fué dado

como garantía de alguna parte o porción susceptible de identificación o en alguna otra forma distinguible del total del préstamo obtenido del demandante por el Banco de Yauco.

La mera manifestación de que el demandante poseía otras garantías ascendentes en total a una cantidad aproximadamente el doble de la suma debida por el deudor al demandante, y que el demandante no había agotado primeramente sus recursos a este respecto, o recurrido a su derecho contra los directores del Banco de Yauco, claramente no es suficiente para traer el presente caso dentro de la doctrina del caso de *Yellowstone National Bank* v. *Gagnon,* 44 L.R.A. pág. 243, nota, y casos allí citados u otros a que se hace referencia en la nota del caso de *Bedell* v. *Herring,* 11 Am. St. Rep. págs. 307, 321. Véase también la nota al caso de *Hulett* v. *Marine Savings Bank,* 4 L.R.A. (N.S.) pág. 1042.

Que la contestación y la contrademanda no se basaban en la teoría de haber tratado el demandante de recobrar una cantidad en exceso de la deuda como garantía de la cual se había dado el pagaré de Camacho, queda además evidenciado por el hecho de que la regla reconocida en el caso de *Yellowstone National Bank* v. *Gagnon* y otros casos *supra* no es invocada en el alegato del apelante.

Para una mayoría de esta corte es claro que el Banco de Yauco no era una parte necesaria y que el haber rehusado permitir que se incluyera dicha institución como un contrademandado no era un error por el cual se debe revocar la sentencia. Sobre este punto el juez que suscribe está inclinado a disentir por razones en que no descansa el apelante o por lo menos no discutidas en el alegato y que, por consiguiente, no necesitan ser tratadas en esta ocasión.

Desde luego no incumbe a esta corte investigar por su propia iniciativa cuestiones más o menos dudosas con el fin de revocar posiblemente la sentencia basándose en una teoría propia y sin darle aviso al apelado.

Una sugestión algo más plausible es hecha por el ape-

lante al argumentar la tercera y cuarta proposiciones some-
tidas en el señalamiento al efecto de que de acuerdo con las
disposiciones del artículo 463 del Código de Comercio un
endoso· sin fecha no transmite el título sino que se pre-
sume que es una comisión de cobranza. Sin embargo, hasta
ahora habíamos resuelto que a lo sumo es una presunción
controvertible y que el hecho puede demostrarse por evi-
dencia *aliunde*. *Noriega & Alvarez* v. *Cruz & Co., Ltd.*,
33 D.P.R. 559. Véase también la decisión del Tribunal Su-
premo de España de febrero 4, 1898, citada por el apelado.

Si este punto hubiese sido levantado por las alegaciones
antes de presentarse la moción del demandado, *supra,* tal
vez hubiera obtenido una resolución distinta del juez de
distrito. Pero la evidencia demuestra que el endoso en
cuestión fué hecho inmediatamente que se completaron las
negociaciones del préstamo en cuya garantía se dió el cola-
teral en cuestión. El hecho está incontrovertido. El de-
mandante antes de terminar la presentación de su prueba
solicitó permiso para enmendar su demanda a fin de alegar
un endoso ''en blanco y por debida causa y consideración''
al demandante. No se presentó objeción alguna a esta su-
gestión en aquel momento y la cuestión de la validez de un
endoso sin fecha parece habérsele ocurrido al demandado
posteriormente.

[3] Otra cuestión se refiere a la admisibilidad (*compe-*
*tency*) de ciertos libros de contabilidad llevados por el Banco
de Yauco y presentados en evidencia sin estar autenticados
por el juez municipal. Esta corte también ha discutido y
resuelto este punto adversamente a la contención del ape-
lante. Véase el caso de *American Tobacco Company* v.
*Canel,* 32 D.P.R. 553.

Tomando el punto de vista más favorable al apelante
según las alegaciones y no apareciendo la persona a cuyo
favor se expidió el pagaré (*payee*) como una parte, puede
decirse que la cuestión en controversia ha sido si el deman-
dado sabía o nó que él estaba firmando un pagaré y si hubo

o nó causa (*consideration*) alguna al tiempo de expedirse dicho pagaré. Mirando la evidencia desde este punto de vista estamos obligados a resolver que no hubo tal error manifiesto en la apreciación de la prueba que requiera la revocación de la sentencia.

*La sentencia apelada debe ser confirmada.*