BROCKWAY MOTOR TRUCK CORPORATION OF PORTO RICO, demandante y apelada, *v.* CARLOS R. COLÓN ROSICH, demandado y apelante.

No. 6024.—*Sometido:* Febrero 8, 1934. *Resuelto:* Noviembre 15, 1934.

*Felipe Colón Díaz,* abogado del apelante; *Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Este caso y otro de la misma demandante contra Carlos

R. Colón Rosich y Luis Lorenzi fueron vistos conjuntamente en la Corte de Distrito de Ponce y por ésta resueltos con la prueba común para ambos, dictando en cada uno sentencia condenatoria de pago. En los dos pleitos se interpuso apelación por los respectivos demandados, quienes nos han presentado un solo alegato para los dos recursos alegando los mismos motivos de error. Por consiguiente, los fundamentos que tengamos para resolver la apelación en el presente caso servirán también para el otro a que nos referimos.

Se trata del cobro de varios pagarés suscritos por el demandado a la orden de J. Octavio Seix & Co. Inc., los cuales por endoso llegaron a poder del Banco de Nueva Escocia, cuyo banco los endosó sin fecha a favor de la demandante Brockway Motor Truck Corporation of Porto Rico, que es la tenedora de ellos. Los únicos motivos alegados ante nosotros para que revoquemos la sentencia condenatoria son que la corte inferior erró al admitir como evidencia los pagarés sin estar debidamente endosados y que también cometió error al apreciar la prueba y por consecuencia en la sentencia que dictó contra el demandado.

El fundamento del primer motivo de error alegado es que los pagarés que reclama la demandante no eran admisibles como evidencia porque la Brockway Motor Truck Corporation of Porto Rico no ha adquirido la propiedad de los mismos por carecer de fecha los endosos, toda vez que según el artículo 553 del Código de Comercio los endosos de los pagarés a la orden deberán extenderse con la misma expresión que los de las letras de cambio; que de acuerdo con el 461 la propiedad de las letras de cambio se transferirá por endoso; que por el artículo 462 se requiere que los endosos contengan la fecha en que se hacen; y que el 463 dispone que si se omitiera la expresión de la fecha en el endoso, no se transferirá la propiedad de la letra, y se entenderá como una simple comisión de cobranza.

Esos preceptos legales los tuvimos en cuenta al resolver

el caso de *Noriega & Alvarez* v. *Cruz & Co.,* 33 D.P.R. 559, en el que dijimos lo siguiente:

"Según expresa el artículo 463, supra, la omisión de la expresión de la fecha en un endoso, esté por otra parte firmado o no en blanco, produce un doble efecto. Deja la propiedad de la letra en el endosante y crea una 'simple comisión de cobranza.' Estas dos consecuencias van unidas inseparablemente y deben subsistir o desaparecer conjuntamente. Una no es más absoluta e inevitable que la otra. Interpretada una con la otra y ambas a la luz del contexto, el precepto de que 'la propiedad de la letra no se transferirá,' así como la declaración de que el endoso 'se entenderá como una simple comisión de cobranza,' establece una condición legal prima facie. En uno u otro caso la presunción debe ceder a la prueba clara y convincente de la fecha real del endoso y de la existencia de una buena y suficiente consideración.''

Haciendo aplicación de esa doctrina al caso presente y examinando la evidencia presentada en el juicio, encontramos que ésta es suficiente para probar la fecha de los endosos a la demandante y la existencia de una suficiente consideración para ellos, pues el testigo Sr. Villavicencio declaró sobre la fecha de los endosos y también que personalmente, como gerente auxiliar (*assistant manager*) de la corporación Brockway Motor Truck Corporation of Porto Rico entregó el dinero de esos pagarés al banco porque habiéndolos garantizado la demandante no habían sido pagados.

*Por lo expuesto la sentencia apelada debe ser confirmada.*