BROCKWAY MOTOR TRUCK CORPORATION OF PORTO RICO, demandante y apelada, *v.* PEDRO CRUZ REYES, demandado y apelante.

No. 6008.—*Sometido:* Abril 11, 1934. *Resuelto:* Junio 26, 1935.

*Felipe Colón Díaz,* abogado del apelante; *Dubón & Ochoteco, J. Henri Brown, C. Ruiz Nazario, G. E. González* y *G. Benítez Gautier,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Pedro Cruz Reyes fué demandado por Brockway Motor Truck Corporation of Porto Rico para que le pague $1,315.68 por la venta condicional que le hizo de un autocamión (*truck*). Condenado al pago interpuso esta apelación.

El primer motivo que alega el apelante para que revoquemos la sentencia dictada contra él es que la corte inferior cometió error al admitir como prueba en el juicio once pagarés, violando así el artículo 4 de la Ley de Corporaciones Privadas.

Esos pagarés están firmados por Pedro Cruz a la orden de J. Octavio Seix & Co., Inc., y cada uno tiene un endoso firmado por Raúl Quevedo que dice "J. Octavio Seix & Co., Inc., por R. Quevedo, tesorero."

Dice el apelante que esos pagarés no debieron ser admitidos como prueba porque Raúl Quevedo, tesorero de J. Octavio Seix & Co., Inc., no estaba autorizado para hacer tal endoso sin la aprobación del presidente de la corporación, según aparece de los estatutos de la misma. Aunque ante la corte inferior se expusieron varias razones para que esos pagarés no fueran admitidos como prueba, sin embargo, la cuestión que ahora propone el apelante no fué alegada ante la corte inferior por lo que podríamos dejar de resolverla según resolvimos en el caso de *Nadal* v. *Miranda,* 27 D.P.R. 323. Sin embargo, el presidente de J. Octavio Seix & Co., Inc., declaró extensamente en el juicio sin que en ninguna parte de su testimonio manifestase que no autorizó al tesorero para que firmara dichos endosos o que tal autorización no estaba concedida.

Como segundo motivo del recurso se alega que la

corte inferior cometió error al no aplicar a este caso la doctrina legal expuesta en el artículo 463 del Código de Comercio. Según este precepto si se omitiere la expresión de la fecha en el endoso, no se transferirá la propiedad de la letra, y se entenderá como una simple comisión de cobranza. Aunque esa disposición legal se refiere a las letras de cambio, sin embargo, es aplicable a los pagarés a la orden porque el artículo 532 del mismo código dispone que las libranzas a la orden entre comerciantes y los vales o pagarés también a la orden que procedan de operaciones de comercio, producirán las mismas obligaciones y efectos que las letras de cambio, excepto la aceptación, que es privativa de éstas. La omisión de la fecha de un endoso en cuanto a que no transfiere la propiedad sólo crea una presunción controvertible de la existencia de una comisión de cobro de los pagarés, cosa susceptible de ser destruída por prueba de la fecha de los endosos, según resolvimos en el caso de *American Colonial Bank* v. *Camacho,* 35 D.P.R. 958, ratificada en *Brockway Motor Truck Corporation of Porto Rico* v. *Colón,* 47 D.P.R. 640, haciendo referencia al de *Noriega & Alvarez* v. *Cruz & Co.,* 33 D.P.R. 559. La fecha de los endosos en el caso presente fué probada con la declaración que prestó en el juicio el Sr. Villavicencio, quedando así destruída la presunción antes mencionada, por lo que no hubo error en la corte inferior al admitir como prueba tales pagarés.

También alega el apelante que la corte inferior cometió error al estimar que el demandado no probó que la demandante obtuvo el contrato de venta condicional mediante fraude, como expuso como defensa en su contestación enmendada en el juicio.

El contrato de venta condicional del autocamión está fechado en San Juan el 10 de junio de 1929 a favor de la Brockway Motor Truck Corporation of Porto Rico y está firmado por el demandado Pedro Cruz y por dos testigos. El demandado reconoció como suya su firma en ese documento. El testigo Sr. Villavicencio, empleado de la deman-

dante, declaró que esa venta fué concertada con su aproba-
ción por un empleado de la demandante, el Sr. Morey, que
antes lo había sido de J. Octavio Seix & Co., Inc. ˙ El prin-
cipal testigo del demandado lo fué el Sr. Jacinto Octavio
Seix, quien manifestó que el contrato de venta lo convino en
Ponce su empleado Sr. Morey por cuenta de J. Octavio Seix
& Co., Inc., y lo mandó en blanco con la firma del demandado
a su oficina de San Juan, donde la demandante se apoderó
del contrato y lo puso a su nombre. Pero de la prueba apa
rece también que entre la corporación J. Octavio Seix & Co.,
Inc., de la cual es presidente Seix, y la demandante en este
pleito, existían entonces varios litigios judiciales; que dicho
Sr. Seix estuvo ausente en Santo Domingo y Haití en el mes
a que se refiere el contrato de venta condicional y que aunque
el Sr. Seix declaró que en esa fecha era empleado suyo el
Sr. Morey, se presentó prueba documental respecto a que
entonces dicho empleado recibía sueldo de la demandante,
lo que trató de explicar Seix diciendo que la demandante le
pagaba por cuenta de J. Octavio Seix & Co., Inc. Tenemos
que hacer constar también que J. Octavio Seix & Co., Inc.,
había estado vendiendo por algún tiempo vehículos de motor
de la Brockway Motor Truck Corporation of New York, la
que encomendó luego sus negocios en esta isla a la deman-
dante cuando surgieron diferencias entre la corporación de
Seix y la de Nueva York; y que la venta del autocamión al
demandado fué hecha en los momentos en que Seix cesaba
de venderlos y se encargaba de ese negocio la demandante.
En vista de esos hechos y circunstancias y teniendo presente
que el fraude no se presume sino que hay que probarlo clara
y convincentemente, según hemos resuelto en varias oca-
siones, no podemos decir que la corte inferior cometió error
al declarar que no se probó el fraude alegado por el deman-
dado.

■ Dice por último el apelante que la corte inferior erró
también al apreciar que la ley y los hechos están a favor
de la demandante.

Por la enunciación de ese motivo de error puede verse que es consecuencia de los otros que hemos considerado y resuelto en contra del apelante, de tal modo que vuelve a analizar la prueba; sin que el hecho de que cuatro meses después de celebrado el contrato de venta entregase el demandado el autocamión a J. Octavio Seix & Co., Inc., sin consentimiento de la demandante, pueda eximirlo del pago, según hemos resuelto en el caso de *Román* v. *Martínez,* 25 D.P.R. 654.

*La sentencia apelada debe ser confirmada.*