LORENZO LAFONT, demandante, apelante y apelado, *v.* JORGE BIRD ARIAS, demandado, apelado y apelante.

Núm. 7795.—*Sometido:* Junio 7, 1940. *Resuelto:* Junio 26, 1940.

*C. H. Juliá,* abogado del apelante apelado; *Arturo Aponte,* abogado del apelado apelante.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Lorenzo Lafont radicó en la Corte de Distrito de San Juan una demanda en cobro de un pagaré por la suma de $12,000, otorgado por Jorge Bird Arias, el demandado, a la orden del tenedor de la obligación, la que había de vencer el 30 de junio de 1930. El demandante alegó que ''posee dicho pagaré al tenedor, como único dueño del mismo.'' Antes de contestar, el demandado radicó una moción solicitando especificación de los siguientes particulares: fecha en que el demandante adquirió el documento; forma en que le fué entregado, si por endoso, cesión o derecho sucesorio; cantidad o precio pagado por el mismo; y sitio o lugar de la entrega. Declarada con lugar dicha moción, el demandante radicó un pliego de especificaciones en el que hizo constar que el pagaré le fué entregado en junio 29, 1932, por su hermana doña Marta Lafont viuda de Veve, en calidad de donación y a los efectos de la educación de sus hijos; y alegó que la entrega del documento se hizo en presencia de su esposa, de su hija Mary Lafont y de los testigos Frank López y Francisco Jiménez, de San Juan.

En su contestación negó el demandado que el demandante sea dueño o tenedor de buena fe del pagaré en cuestión. Y como defensa alegó: que los hermanos Rafael y Santiago Veve Calzada prestaron al demandado la suma de $24,000, para serles devuelta en todo el mes de mayo de 1930; que al llegar el 21 de mayo de 1930, temiendo el demandado no poder cumplir a tiempo lo ofrecido, extendió dos pagarés exactamente iguales, por $12,000 cada uno, y entregó uno a cada uno de los hermanos Veve Calzada; que al día siguiente el demandado y los hermanos Veve dejaron sin efecto ambos documentos mediante el pago hecho con el importe de 200 acciones de The Fajardo Sugar Company of Porto Rico para cada uno de ellos; que el documento entregado a don Rafael Veve fué devuelto por

éste al demandado inmediatamente, mas no así el de don Santiago Veve, que es el que figura en esta demanda; que el demandante nunca ha sido dueño del documento objeto del litigio, ni ha tenido ni tiene interés o participación alguna en el mismo, ni ha sido, ni es, heredero, legatario o derechohabiente de don Santiago Veve, quien falleció en 1931; y, por último, que la acción que trata de ejercitar el demandante ha prescrito con arreglo al artículo 946 del Código de Comercio, edición de 1930.

Celebrado el juicio correspondiente, la corte de distrito dictó sentencia desestimando la demanda y condenando al demandante al pago de costas, sin incluir honorarios de abogado. Ambas partes han apelado.

El demandante apelante imputa a la corte inferior la comisión de diecinueve errores, los cuales iremos exponiendo y resolviendo en el mismo orden en que aparecen en el alegato.

■ Que la corte inferior erró al ordenar al demandante que presentara el pliego de particulares solicitado por el demandado.

Con excepción de aquellos casos en que el estatuto concede expresamente el derecho a un pliego de especificaciones, la corte ante la cual ha de verse el caso en sus méritos tiene la facultad discrecional necesaria para expedir o negarse a expedir una orden requiriendo a una de las partes litigantes para que presente dicho pliego. Las cortes de apelación no deben intervenir, a menos que se trate de un caso claro de abuso de discreción. 1 Bancroft Code Pleading, pág. 703.

Al ser requerido judicialmente en marzo de 1936 para el pago de una obligación vencida en 30 de junio de 1930; muerta desde 1931 la persona a quien se había hecho entrega del pagaré y a quien se le había satisfecho su importe; y confrontado con la concisa y escueta alegación de "que el demandante posee dicho pagaré al tenedor, como único dueño del mismo," parece lógico y natural que al deman-

dado le interesase saber, para poder establecer su defensa, las condiciones y circunstancias bajo las cuales el documento objeto del litigio había venido a manos del demandante. Si el demandante era en realidad un poseedor de buena fe, la revelación de los hechos relativos a la adquisición del documento en nada podía perjudicarle. En efecto, después de la lectura cuidadosa que hemos hecho de todo el récord del caso, no hemos podido convencernos de que al demandante se le haya causado perjuicio alguno al ordenarle que suministrara al demandado tales particulares. Debe desestimarse este señalamiento.

2. Que la corte inferior erró al ordenar la inspección del pagaré, el cual se había copiado en la demanda.

Del récord ante nos no aparece constancia alguna que nos permita considerar este supuesto error. El apelante ni siquiera nos ha dicho en qué momento del proceso se ordenó la inspección de que se queja. Los artículos 121 y 314 del Código de Enjuiciamiento Civil conceden facultad a la corte ante la cual está pendiente un pleito para autorizar la inspección de documentos que estuvieren en poder de una de las partes litigantes y que contengan prueba relativa a los hechos de la demanda o de la contestación. En ausencia de prueba en contrario, debemos presumir que la inspección en este caso, si alguna se hizo, fué autorizada de acuerdo con la ley.

3. Que la corte inferior erró al decretar la suspensión de la vista para los efectos de tomar una deposición a un testigo en Estados Unidos.

Este señalamiento debe ser desestimado. El récord no contiene dato alguno con respecto a la alegada suspensión de la vista. Véanse: *Méndez* v. *Piñero*, 43 D.P.R. 240, y *Benítez* v. *Muñoz*, 52 D.P.R. 749.

4–10. En los señalamientos numerados del 4 al 10, inclusive, se dice que la corte sentenciadora cometió error al admitir cada uno de los siguientes documentos:

(a) Escritura de poder del Dr. Santiago Veve Calzada a favor de sus hermanos Rafael y José.

(b) Poder de doña Marta Lafont a favor de don Rafael y don Juan Veve Calzada.

(c) Testamento del Dr. Santiago Veve Calzada.

(d) Renuncia de usufructo vidual otorgada por doña Marta Lafont.

(e) Escritura de entrega de legado otorgada por don Rafael Veve Calzada y doña Marta Lafont.

(f) Sentencia declaratoria de herederos del Dr. Santiago Veve.

(g) Escritura sobre inventario, división y adjudicación de los bienes hereditarios, otorgada por doña Marta Lafont y los herederos y legatarios del Dr. Veve.

Del récord aparece que el demandante se opuso oportunamente a la admisión de cada uno de dichos documentos, por considerarlos inmateriales e impertinentes, y que anotó las correspondientes excepciones al ser admitidos en evidencia. Nos toca ahora considerar y resolver si la admisión de dichos documentos constituye o no error perjudicial a los derechos del apelante.

La teoría del demandado es que doña Marta Lafont Viuda de Veve nunca fué dueña del pagaré y nunca adquirió título, derecho o interés alguno sobre dicho documento; y que, por lo tanto, dicha señora no podía trasmitir título, derecho o interés alguno, por donación, al demandante.

Con los documentos admitidos en evidencia se establecieron hechos esenciales y pertinentes a la expresada teoría del demandado, a saber: que el apoderado del Dr. Veve lo era su hermano don Rafael Veve y no su esposa doña Marta Lafont, con lo que quedó demostrado que cuando dicha señora entregó el pagaré al demandante no lo hizo a nombre de su esposo; doña Marta Lafont heredó a su esposo el Dr. Veve nada más que en la cuota usufructuaria; que doña Marta Lafont, ni en el inventario de los bienes, ni en la adjudicación de los mismos, recibió participación alguna en el pagaré objeto del litigio; y que dicho pagaré no figuró

148

en ningún momento entre los bienes hereditarios del Dr. Veve. Todos esos documentos eran a nuestro juicio admisibles para la debida resolución de la cuestión fundamental envuelta en este caso, o sea la de si el demandante es o no un poseedor de buena fe. No hubo error en la admisión de dichos documentos.

■ 11 y 12. Que el tribunal inferior erró al admitir en evidencia la deposición de Rafael Veve, tomada en Fajardo, P. R., y la de Theodore Mutter, tomada en los Estados Unidos.

La deposición del testigo Rafael Veve fué rendida ante un notario público en el pueblo de Fajardo, situado a 62 kilómetros, o sea 38 millas de la ciudad de San Juan, cabecera del distrito en que se celebró el juicio. En dicho acto estuvieron presentes los abogados de ambos litigantes, quienes preguntaron y repreguntaron al deponente. Éste declaró que residía y pensaba continuar residiendo en Fajardo; que pensaba embarcar para Estados Unidos el 12 de noviembre de 1936, para regresar el 11 de enero de 1937.

Antes de ofrecer en evidencia la deposición de Rafael Veve, el demandado ofreció el testimonio del Dr. Juan Veve Carrillo para probar que Rafael Veve se encontraba en su residencia en Fajardo, enfermo e imposibilitado para poder comparecer ante la corte. Se opuso el demandante a la admisión de la deposición, alegando que ésta había sido tomada por el motivo de que Rafael Veve tenía que embarcarse para Estados Unidos y no podría estar en Puerto Rico en la fecha del juicio; y que habiendo regresado y encontrándose de nuevo en Fajardo el Sr. Veve, la deposición no era admisible.

La deposición era admisible de acuerdo con lo dispuesto por los artículos 505 y 506 del Código de Enjuiciamiento Civil. No erró, pues, la corte al admitirla. Véase: *Sunol* v. *Molloy*, 63 Cal. 369.

La objeción formulada en contra de la admisión de la deposición del testigo Mutter no merece seria consideración.

La deposición fué entregada al juez de distrito por el demandado, en un sobre lacrado y sellado por el Comisionado de Escrituras de Puerto Rico en Nueva York. No se ha alegado que el sobre haya sido abierto o alterado en alguna forma o que no se encontrara en las mismas condiciones en que estaba al ser sellado y lacrado en Nueva York.

■ 13 y 14. Que la corte inferior erró al admitir en evidencia los certificados de las acciones vendidas por don Jorge Bird a don Santiago y a don Rafael Veve Calzada.

El demandado alegó que en mayo 22 de 1930 él hizo efectivo el importe de los dos pagarés al tenedor, entregados por él a don Santiago y a don Rafael Veve, mediante la cesión y entrega a cada uno de dichos señores de 200 acciones de la Fajardo Sugar Co. Para sostener esa alegación, el demandado ofreció y la corte admitió copias fotostáticas de seis certificados de acciones. Cuatro de ellos, numerados 1953, 1954, 5287 y 5288, aparecen expedidos a favor de Jorge Bird Arias, por 100 acciones cada uno. Los dos primeros aparecen endosados a favor de don Rafael Veve Calzada; y los dos segundos a favor del Dr. Santiago Veve Calzada. El certificado núm. 13,260, por 200 acciones, fué expedido a favor de don Rafael Veve Calzada y endosado por éste a favor de don Rafael A. Veve el 22 de mayo del mismo año. El certificado núm. 13,261, expedido al Dr. Veve, por 200 acciones, fué también endosado en mayo 22, 1930, a favor de Rafael A. Veve.

No erró la corte sentenciadora al admitir dichos certificados de acciones como evidencia del pago de la obligación representada por el pagaré objeto de este pleito. Dichos certificados, en los cuales aparecen las firmas de los acreedores originales, son admisibles como prueba complementaria y corroborativa de la declaración del demandado; y habiendo sido corroborados a su vez, tanto dicha declaración como dichos certificados, por el testimonio de Rafael A. Veve, heredero de los dos hermanos Veve, a quien la corte

sentenciadora ha dado entero crédito, es preciso concluir que el pago de la obligación quedó suficientemente probado.

■ 15 y 16. Que al negarse a eliminar la declaración del Dr. Juan Veve Carrillo la corte inferior incurrió en error.

La declaración de este testigo cubre las páginas 23 a 50 de la transcripción de evidencia. En ésta no consta que el demandante hiciera moción alguna ante la corte inferior solicitando la eliminación de dicha declaración. Ya hemos resuelto en numerosas ocasiones que las cuestiones sobre admisibilidad de evidencia deben ser planteadas ante la corte inferior, mediante la correspondiente objeción y excepción; y que esas cuestiones no serán consideradas cuando se plantean por primera vez en apelación. *Broakway Motor etc. Corp.* v. *Cruz*, 48 D.P.R. 749; *McCormick* v. *McCormick*, 52 D.P.R. 691.

Por las mismas razones debemos desestimar el décimosexto señalamiento referente a la admisión del testimonio del demandado sobre una carta de resguardo que dijo le había sido entregada por el Dr. Veve.

■ 17 y 18. Estos dos señalamientos deben ser desestimados por ser imprecisos y frívolos y no estar sostenidos por el récord.

■ 19. Que la corte inferior erró en la apreciación de la prueba.

No se alega, ni tampoco aparece de los autos, que la corte inferior haya actuado bajo la influencia de la pasión, el prejuicio o la parcialidad. Solamente podríamos intervenir con su fallo, si en la apreciación que hizo de la prueba se hubiese cometido un error substancial y perjudicial al apelante.

La corte sentenciadora, después de hacer un resumen de la prueba presentada por cada una de las partes, hizo constar en su opinión que la prueba del demandado merecía mayor credibilidad que la del demandante. Si de la prueba surgió algún conflicto, éste fué dirimido en favor del

demandado. Y siendo la evidencia del demandado, creída por el tribunal sentenciador, suficiente a nuestro juicio para sostener el fallo, es nuestro deber respetarlo.

■ Pasaremos ahora a resolver la cuestión fundamental envuelta en este pleito. ¿Es el demandante un tenedor de buena fe?

De acuerdo con las alegaciones y pruebas del demandante, el pagaré venció en junio 30 de 1930, y le fué entregado al demandante en 29 de junio de 1932, dos años después del vencimiento, por la Sra. Marta Lafont Viuda de Veve, en calidad de donación, o sea gratuitamente.

La prueba del demandado estableció fuera de toda duda, y sin que se presentase prueba alguna en contrario, que el Dr. Santiago Veve Calzada falleció el 18 de octubre de 1931, o sea un año y cuatro meses después de la fecha de vencimiento del pagaré; que dicho pagaré no figuró para nada en las operaciones particionales de los bienes dejados a su muerte por el Dr. Veve; y que la señora Lafont Viuda de Veve no adquirió el mencionado pagaré entre los bienes que le fueron adjudicados en pago de sus gananciales y de su legado.

La Ley núm. 17 de 1930 (pág. 173) en su artículo 53, que es ahora el artículo 405 del Código de Comercio, ed. 1932, dispone:

"Artículo 405.—Tenedor de buena fe es el que ha tomado el documento con arreglo a las siguientes circunstancias:

"1. Que esté completo y sea regular en su apariencia;

"2. Que se convirtió en tenedor del mismo *antes de estar vencido,* y sin tener conocimiento de que su aceptación o pago había sido rehusado previamente, si ése fuere el caso;

"3. Que lo tomó de buena fe y *por causa* onerosa;

"4. Que cuando le fué negociado no tenía conocimiento de defecto alguno en el documento, o en el derecho de la persona que lo negoció." (Itálicas nuestras.)

Son hechos admitidos por el demandante que él obtuvo el documento después de estar vencido y no por causa one-

rosa si que gratuitamente. El demandante carece de las dos condiciones esenciales requeridas por el estatuto para que se le deba considerar como tenedor de buena fe.

El apelante ha invocado en su ayuda el artículo 411 del Código de Comercio, ed. 1932 (Ley núm. 17 de 1930, artículo 59) que lee así:

"Artículo 411.—En manos de un tenedor que no sea tenedor de buena fe, el documento negociable está sujeto a la misma materia de defensa que el documento que no fuere negociable. Pero un tenedor que derive su derecho del de un tenedor de buena fe, y que no haya sido parte en fraude o ilegalidad alguna que afecte al documento, tendrá todos los derechos de dicho tenedor anterior en lo que respecta a todas las partes que hayan precedido al último."

De acuerdo con lo dispuesto en este artículo, no siendo el demandante en este caso un tenedor de buena fe, contra él puede interponerse la defensa de pago de la obligación, a menos que de la prueba resultase que la persona que le hizo donación del pagaré era tenedora de buena fe del mismo. La prueba demuestra que doña Marta Lafont Viuda de Veve, de quien el demandante obtuvo el pagaré mediante donación, tampoco era poseedora de buena fe, razón por la cual el demandante no puede acogerse al beneficio de la excepción que establece el citado artículo 411, supra. Contra dicha señora hubiera podido alegarse el pago de la obligación, pues ella también adquirió el documento después de vencido y no por causa onerosa. Y aun cuando aceptáramos que la señora Lafont recibió el pagaré como parte de sus gananciales o por derecho hereditario, eso en nada cambiaría la posición legal del demandante.

El demandado no ha aducido razón alguna para que modifiquemos la sentencia recurrida en el sentido de concederle honorarios de abogado. Más aún, en su alegato nos pide que confirmemos la sentencia. Debemos, por tanto, darle por desistido de su recurso.

*La sentencia recurrida debe ser confirmada.*

El Juez Presidente Sr. Del Toro no intervino.