| 63  369|
|ᵔ12  243|

---

[Department One. — May 9, 1883.]

## JOSEPHINE SUNOL, RESPONDENT, v. JOHN MOLLOY, APPELLANT.

MORTGAGE OF GROWING CROP—LANDLORD AND TENANT.—The mortgagee of a growing crop planted by a tenant under a contract which entitles the landlord to a portion of the crop, only succeeds to the interest of the mortgagor; and where the mortgage is made by the tenant, and the mortgagee takes possession, harvests the crop, and converts the whole to his own use, he is liable for the share of the landlord on a proper demand for its delivery.

EVIDENCE—DEPOSITIONS. — Certain depositions were taken on behalf of the plaintiff under subdivision 2 of section 2021 of the Code of Civil Procedure. The attorney for the defendant was present, and cross-examined the witnesses. Before the depositions were offered, it was shown that when they were taken the witnesses resided in the county of Alameda, and that they continued to reside there at the time of the trial. The action was brought and the trial had in the city and county of San Francisco. The depositions were admitted against the objection of the defendant to the sufficiency of the showing as to the absence of the witnesses. *Held*, that no error was committed in overruling the objection.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*L. S. Clark*, for Appellant.

*William Matthews*, for Respondent, cited *Wentworth* v. *Miller*, 53 Cal. 10.

McKEE, J. — By a verbal contract between the plaintiff and one Witt, the latter agreed to sow in grain a tract of land which the plaintiff leased to him for the farming season of 1877–78, and to harvest the crop raised thereon, have it threshed, sacked, and hauled at his own expense to a place called Sunol's Station, and deliver it there to the plaintiff, who was to divide it according to the terms of the contract.

LXIII. CAL. —24.

After Witt had planted the crop he mortgaged it to the defendant Molloy, and left the leased premises; Molloy entered into possession under his mortgage and harvested the crop, but kept it all, and refused to deliver any portion of it to the plaintiff.

Molloy had no right to the whole crop. As mortgagee in possession he succeeded to the contract of his mortgagor with the plaintiff, and was bound by its terms. (§ 822, Civ. Code.) The only interest which he acquired in the crop was the interest of the mortgagor under the contract. (*Wentworth* v. *Miller*, 53 Cal. 10.) That was an undivided interest in common with the plaintiff; he and the plaintiff were, therefore, tenants in common of the crop; and when he repudiated the relationship, and refused to deliver to the plaintiff her share of the crop, he was guilty of a conversion, and liable for the value of the plaintiff's share in the crop.

There was no error in overruling the objections made to the admission of the depositions of witnesses for the plaintiff. The depositions had been taken under subdivision 2, section 2021, of the Code of Civil Procedure. The defendant, by his attorney, had attended the taking of the same, and cross-examined the witnesses; and before reading the depositions in evidence, testimony was given tending to show that at the time of the trial the witnesses resided in another county, and were then absent from the county where the case was on trial. This was satisfactory to the court, and the ruling of the court as to the sufficiency of that testimony is not reviewable on appeal. Upon the testimony the depositions were admissible under section 2032 of the Code of Civil Procedure.

Judgment and order affirmed.

Ross, J., and McKinstry, J., concurred.

Hearing in Bank denied.