LORENZO LAFONT, Plaintiff and Appellant-Appellee, *v.* JORGE BIRD ARIAS, Defendant and Appellee-Appellant.

No. 7795. Argued June 7, 1940.—Decided June 26, 1940.

*C. H. Juliá* for appellant-appellee.   *Arturo Aponte* for appellee-appellant.

Mr. Justice Travieso delivered the opinion of the court.

Lorenzo Lafont brought, in the District Court of San Juan, an action to recover on a promissory note issued by Jorge Bird Arias, the defendant herein, for the sum of $12,000, and payable to the order of the holder of this instrument, which was to mature on June 30, 1930. The plaintiff alleged that "he is in possession of said promissory note as holder and sole owner thereof." Before answering, the defendant filed a motion for specification of the following particulars: date on which the plaintiff acquired the instrument; the form in which it was delivered to him; whether by indorsement, assignment, or succession; amount or price paid for the same; and the location or place of delivery. Upon said motion being sustained, the plaintiff filed a bill of particulars in which he stated that the note had been delivered to him on June 29, 1932, by his sister Marta Lafont, widow of Veve, as a gift and for the purpose of educating his children and he alleged that the delivery of the instrument took place in the presence of his wife, of his daughter Mary Lafont, and of the witnesses Frank López and Francisco Jiménez, of San Juan.

The defendant in his answer denied that the plaintiff was the holder or *bona fide* owner of the promissory note in question.

By way of defense he set up: That the brothers Ráfael and Santiago Veve Calzada had loaned to the defendant the sum of $24,000, to be returned within the month of May 1930; that on May 21, 1930, the defendant, fearing that he could not fulfill his promise in time, issued two identical promissory notes for $12,000 each, and delivered one of them to each of the brothers Veve Calzada; that on the following day the defendant and the brothers Veve released both instru-

ments in consideration of the payment made out of the proceeds of 200 shares of stock of the Fajardo Sugar Company of Puerto Rico to each of them; that the instrument delivered to Rafael Veve was immediately returned by the latter to the defendant, but not so as to the instrument delivered to Santiago Veve, which is the one involved in the complaint herein; that the plaintiff was never the owner of the instrument the object of this suit nor has he ever had any interest or share in the same, nor has he been heretofore nor is now an heir, legatee, or successor in interest of Santiago Veve who died in 1931; and, lastly, that the action sought to be exercised by the plaintiff has prescribed in accordance with section 946 of the Code of Commerce (1932 ed.).

After a trial was had, the district court rendered judgment dismissing the complaint on the merits and imposed costs on the plaintiff, but without including attorney's fees. Both parties have appealed.

The plaintiff and appellant has assigned nineteen errors, which we will state and decide in the same order in which they appear in the brief.

■ That the lower court erred in ordering the plaintiff to file the bill of particulars requested by the defendant.

Except in those cases where the statute expressly grants the right to a bill of particulars, the court before which the case is to be tried on the merits has discretionary power to grant or refuse an order requiring such bill. An appellate court should not intervene unless an abuse of discretion is clearly shown. 1 Bancroft, Code Pleading, p. 703.

Upon being sued in March, 1936, for the payment of an obligation maturing on June 30, 1930, and the death of the person to whom the promissory note had been delivered and the amount thereof paid, having occurred in 1931, and faced with the brief and bare allegation that "the plaintiff is in possession of said promissory note and the sole owner thereof," it only seems logical and natural that the defend-

ant, in order to set up his defense, should inquire as to the conditions and circumstances under which the instrument the object of the action had come into the possession of the plaintiff. If the plaintiff was really a *bona fide* holder, the disclosure of the facts of the acquisition of the instrument could not prejudice him in any way. Indeed, after a careful reading of the entire record of the case, we have been unable to convince ourselves that the plaintiff has suffered any prejudice by being ordered to furnish such particulars to the defendant. This assignment should be overruled.

■■ 2. That the court erred in ordering the inspection of the promissory note which had been copied in the complaint.

From the record no basis appears which would enable us to consider this supposed error. The appellant has not even told us at what stage in the proceedings the inspection complained of was ordered. Sections 121 and 314 of the Code of Civil Procedure grants to a court in which an action is pending, the power to order the inspection of any document in the possession of one of the parties, containing evidence relating to the merits of the action, or the defense therein. In the absence of proof to the contrary, we must presume that an inspection in this case, if made, was ordered in accordance with the law.

3. That the lower court erred in ordering a discontinuance for the purpose of having the deposition of a witness taken in the United States.

This assignment must be overruled. The record contains no information regarding the alleged continuance. See *Méndez* v. *Piñero*, 43 P.R.R. 228, and *Santana* v. *Quintana*, 52 P.R.R. 725.

■ 4–10. In the assignments numbered 4 to 10 inclusive, it is urged that the lower court erred in admitting each and every one of the following documents:

(*a*) Power of attorney executed by Dr. Santiago Veve Calzada in favor of his brothers Rafael and José.

(*b*) Power of attorney from Doña Marta Lafont in favor of Rafael and Juàn Veve Calzada.

(*c*) Last will and testament of Dr. Santiago Veve Calzada.

(*d*) Waiver of widow's usufructuary share, executed by Doña Marta Lafont.

(*e*) Deed of delivery of legacy executed by Don Rafael Veve Calzada and Doña Marta Lafont.

(*f*) Declaration of heirship regarding the estate of Dr. Santiago Veve.

(*g*) Deed of inventory, partition, and allotment of hereditary property, executed by Doña Marta Lafont and the heirs and legatees of Dr. Veve.

From the record it appears that the plaintiff made timely objection to the admission of each one of the said documents, as he considered them to be immaterial and irrelevant and that he took the proper exceptions upon their being admitted in evidence. It is now incumbent on us to consider and decide whether the admission of said documents consists of an error prejudicial to the rights of the appellant.

The theory of the defendant is that Doña Marta Lafont, widow of Veve, was never the owner of the promissory note and never acquired any title, right, or interest in said document; and that therefore, this lady could not transfer any title, right, or interest by gift to the appellant.

By means of the documents admitted in evidence, there were established facts which were essential and relevant to the above-mentioned theory of the defendant, to wit: that the attorney in fact of Dr. Veve was not his wife Doña Marta Lafont, but his brother Rafael Veve, thus showing that when she delivered the promissory note to the plaintiff she did not do so on behalf of her husband; that Doña Marta Lafont inherited from her husband, Dr. Veve, only the usufructuary share; that neither in the inventory of the properties nor in the allotment thereof did Doña Marta Lafont receive any share in the promissory note sued on; and that said promissory note at no time formed any part of the estate of Dr. Veve. All those documents, in our judgment, were

admissible for the proper determination of the essential question involved in this case, to wit, whether or not the plaintiff was a *bona fide* holder. There was no error in the admission of said documents.

■ 11 and 12. That the lower court erred in admitting in evidence the deposition of Rafael Veve, taken in Fajardo, P. R., and that of Theodore Mutter, taken in the United States.

The deposition of the witness Rafael Veve was taken before a notary public in the town of Fajardo, which lies at a distance of 62 kilometers or 38 miles from the city of San Juan, the capital of the district in which the trial was held. The taking of such deposition was attended by the attorneys for both parties, who examined and cross-examined the deponent. The latter stated that he resided and intended to continue residing in Fajardo; that he intended to sail for the United States on November 12, 1936, and to return on January 11, 1937.

Before introducing the deposition of Rafael Veve, the defendant offered the testimony of Dr. Juan Veve Carrillo in order to show that Rafael Veve was ill in his residence in Fajardo and unable to appear before the court. The plaintiff objected to the admission of the deposition, and urged that as the latter had been taken for the reason that Rafael Veve was compelled to leave for the United States and would not be in Puerto Rico at the time of the trial, now that he had returned and was again in Fajardo, the deposition was not admissible.

The deposition was admissible according to the provisions of sections 505 and 506 of the Code of Civil Procedure. The court therefore did not err in admitting the same. See *Sumol v. Molloy,* 63 Cal. 369.

The objection set up against the admission of the deposition of witness Mutter does not deserve serious consideration. The deposition was delivered to the district judge by the defendant, enclosed in an envelope which had been waxed and sealed by the Commissioner of Deeds for Puerto Rico in New York. No claim was made that the envelope had been

opened or tampered with in any way, or that it was not in the same condition in which it was when sealed and waxed in New York.

■ 13 and 14. That the lower court erred in admitting in evidence the certificates of the shares of stock sold by Jorge Bird Arias to Santiago and Rafael Veve Calzada.

The defendant alleged that on May 22, 1930, he paid the amount of the two promissory notes payable to bearer, which had been delivered by him to Santiago and Rafael Veve, by means of the assignment and delivery, to each one of the said gentlemen, of 200 shares of stock of the Fajardo Sugar Co. In support of this allegation, the defendant offered and the court admitted, photostatic copies of six stock certificates. Four of these, numbered 1953, 1954, 5287, and 5288, appear to have been issued in favor of Jorge Bird Arias, for 100 shares each. The first two appear indorsed in favor of Rafael Veve Calzada and the other two, in favor of Dr. Santiago Veve Calzada. Certificate No. 13,260 for 200 shares, was issued in favor of Rafael Veve Calzada and indorsed by the latter to Rafael A. Veve, on May 22 of the same year. Certificate No. 13,261 issued to Dr. Veve, for 200 shares, was also indorsed to Rafael A. Veve, on May 22, 1930.

The trial court did not err in admitting said stock certificates as evidence of the obligation represented by the promissory note sued on. Said certificates which bear the signature of the original creditors, were admissible to supplement and corroborate the testimony of the defendant, and, as said testimony, together with the said certificates, have been corroborated by the testimony of Rafael Veve, the heir of one of the two Veve brothers, to whom the trial court gave full credence, it must be concluded that the payment of the obligation was sufficiently proved.

■ 15 and 16. That the lower court erred in striking out the testimony of Dr. Juan Veve Carrillo.

The testimony of this witness covers some 23 to 50 pages of the transcript of the evidence. It does not appear from

the latter that the plaintiff made any motion in the lower court to strike out the said testimony. We have repeatedly held that questions relating to the admission of evidence must be raised in the lower court by means of the corresponding objections and exceptions; and that such questions would not be considered when urged for the first time on appeal. *Brockway Motor Corp. of P. R.* v. *Cruz,* 48 P.R.R. 726; *McCormick* v. *McCormick,* 52 P.R.R. 669.

For the same reasons we must overrule the sixteenth assignment, which relates to the admission of the testimony of the defendant regarding a release document which he stated had been delivered to him by Dr. Veve.

█ 17 and 18. These two assignments must be overruled as being indefinite and frivolous and unsupported by the record.

█ 19. That the lower court erred in the weighing of the evidence.

It is not claimed, nor does it appear from the record, that the lower court acted under the influence of passion, prejudice, or partiality. We could only interfere with its finding, if in the weighing of the evidence it had committed an error of a substantial character and prejudicial to the appellant.

The trial court, after summarizing the evidence introduced by each of the parties, stated in its opinion that the evidence of the defendant deserved more credit than that of the plaintiff. If any conflict arose from the evidence, the same was adjusted in favor of the defendant. And as the evidence of the defendant, which the trial court believed, is, in our judgment, sufficient to support the finding made, we must let the same stand.

█ We shall now proceed to decide the fundamental question involved in this suit: Is the plaintiff a holder in due course?

According to the allegations and the evidence of the plaintiff, the promissory note became due on June 30, 1930, and

was delivered to the plaintiff on June 29, 1932, or two years after its maturity, by Doña Marta Lafont, widow of Veve, as a gift, that is, gratuitously.

The evidence of the defendant established beyond doubt, without there being any proof to the contrary, that Dr. Santiago Veve Calzada died on October 18, 1931, or one year and four months after the promissory note became due; that said promissory note was not mentioned in any way in the proceedings for partition of the estate of Dr. Veve; and that Mrs. Lafont, widow of Veve, did not receive the above-mentioned promissory note among the properties which were allotted to her in payment of her share in the community property and of her bequest.

Act No. 17 of 1930 (Session Laws, p. 172), by its section 53, re-enacted as section 405 of the Code of Commerce (1932 ed.), provides:

"Section 405.—A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular upon its face;

"2. That he became the holder of it *before it was overdue,* and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and *for value;*

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." (Italics ours.)

It has been admitted by the plaintiff that he obtained the instrument after it became due, not for value, but gratuitously. The plaintiff lacks the two essential conditions required by the statute in order to be considered as a holder in due course.

The appellant has invoked in his favor section 411 of the Code of Commerce, 1932 ed. (Act No. 17 of 1930, section 59) which reads thus:

"Section 411.—In the hands of any holder other than a holder in due course, a negotiable instrument is subject to the same defenses as if it were non-negotiable. But a holder who derives his title

through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all the rights of such former holder in respect of all parties prior to the latter.''

In accordance with the provisions of this section, as the plaintiff in this case is not a holder in due course, the defense of payment of the obligation may be set up against him unless it appears from the evidence that the person who gave him the promissory note was a *bona fide* holder thereof. The evidence shows that Doña Marta Lafont, widow of Veve, from whom the plaintiff acquired the note by donation, was not a holder in due course either, for which reason the plaintiff can not claim the benefit of the exception provided by the said section 411, *supra*. Against said lady the defense of payment of the obligation could have been pleaded, as she had also acquired the instrument after maturity and not for value. And even if we were to concede that Mrs. Lafont received the promissory note as a part of her share in the community property or by inheritance, this would not change in any way the legal position of the plaintiff.

The defendant has not adduced any reason to justify a modification of the judgment appealed from in the sense of allowing him attorney's fees. Moreover, in his brief he asks us to affirm the judgment. We must, therefore, consider his appeal as abandoned.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.